ATTORNEY'S NAME:   Green, Jeffrey P 30531
AND ADDRESS:       3914 Canal Street , New Orleans, LA 70119

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2022-02651              DIVISION: G              SECTION: 11

BUTLER, KIRCHELLE

### Versus

### WINN DIXIE MONTGOMERY LLC

### CITATION

TO:        WINN DIXIE MONTGOMERY, LLC
THROUGH:   ITS AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY
           501 LOUISIANA AVENUE, BATON ROUGE, LA 70802

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA March 29, 2022**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
by
**Tayler Williams, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| PETITION FOR DAMAGES, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS | PETITION FOR DAMAGES, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS |
| ON WINN DIXIE MONTGOMERY, LLC | ON WINN DIXIE MONTGOMERY, LLC |
| THROUGH: ITS AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY | THROUGH: ITS AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said WINN DIXIE MONTGOMERY, LLC being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | Returned the same day |
| Mileage: $ _____ | _____ No. _____ |
| _____ / ENTERED / _____ | Deputy Sheriff of _____ |
| PAPER              RETURN | |
| _____ /          / _____ | |
| SERIAL NO.   DEPUTY      PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.



FILED

**G**

Section 11

2022 MAR 25  P 05:50
CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.                                                                      DIVISION: " "

### KIRCHELLE BUTLER

### VERSUS

### WINN-DIXIE MONTGOMERY, LLC

FILED: _____          _____

**DEPUTY CLERK**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes **KIRCHELLE BUTLER,**

Petitioner in the above referenced action, who respectfully represents the following:

1.

Petitioner is a person of the full age of majority and domiciled in the Parish of Orleans,

State of Louisiana.

2.

Made Defendant herein is:

**WINN-DIXIE MONTGOMERY, LLC,** a foreign corporation licensed to do and doing

business in the State of Louisiana;

3.

The above Defendant is truly and justly indebted unto Petitioner for all sums and for all

such damages as are reasonable in the premises, together with legal interest hereon from the date

of judicial demand until paid, and for all costs of these proceedings, and for all other general and

equitable relief as may be afforded by this Honorable Court, for the following reasons:

4.

On or about June 7, 2021, Petitioner, **KIRCHELLE BUTLER,** went to the Winn-Dixie

grocery store located off Chef Menteur Highway in New Orleans to do her grocery shopping.

While there, she went to purchase ice cream. While she walked near the freezers where the ice

cream is located, suddenly and without warning, she slipped and fell on water leaking/collecting

from the neighboring freezer.

**G**

Section 11

FILED

2022 MAR 25 P 05:50

CIVIL

DISTRICT COURT

5.

Upon information and belief and at all times relevant, **WINN-DIXIE MONTGOMERY,** **LLC** had *garde*, custody and control of the premises.

6.

Upon information and belief and at all times relevant, there were no warning signs or wet floor signs in the area where Petitioner fell.

7.

Upon information and belief and at all times relevant, **WINN-DIXIE MONTGOMERY,** **LLC** knew or should have known that its freezers were leaking water and/or causing condensation to fall on the ground, which resulted in Petitioner's fall.

8.

Petitioner's fall caused serious injury to her body, including but not limited to knees, shoulder, ankle, and foot.

9.

Upon information and belief and at all times relevant, **WINN-DIXIE MONTGOMERY,** **LLC** knew or should have known that the leaking water from the freezers that caused Petitioner to fall were unreasonably dangerous, difficult to detect even when keeping a proper lookout, and lacked proper warning and/or notice to patrons/invitees on the premises and failed to remedy the condition.

10.

The injuries and resulting damages sustained by Petitioner were caused by the collective acts of the Defendant, whose acts fall below the applicable standard of care for those with invitees on their premises.

11.

**WINN-DIXIE MONTGOMERY, LLC,** including its employees, executive officers, managers, owners, maintenance workers, and supervisory personnel are liable for all damages sustained by Petitioner under the following non-exclusive legal causes of action:

 a. Failure to maintain a reasonably safe area for its patrons/invitees;

 b. Failure to maintain proper upkeep of a commercial space;

 c. Failure to address or rectify a dangerous condition;

**G**

**Section 11**

d. Failure to warn of a dangerous condition;

e. Failure to correct a hazardous condition that presented an unreasonable risk of harm to plaintiff that the Defendant knew or should have known of in the exercise of reasonable care;

f. Reckless endangerment;

g. Reckless indifference;

h. Violation of Louisiana Civil Code article 2317.1;

i. Creation of a dangerous condition upon its premises; and

j. Such other acts of fault and/or negligence stemming from the allegations of this Petition as may be shown at the trial of this matter.

12.

As a result of Defendant's negligence, Petitioner sustained damages in the following non-exclusive particulars:

a. Past, present, and future Loss of enjoyment of life;

b. Past, present, and future Physical disability, pain and suffering;

c. Past, present, and future Mental pain and suffering;

d. Disruption of body tissue and cells;

e. Past, present, and future medical expenses;

f. Past, present, and future Lost wages/earning capacity;

g. Scarring; and

h. Any other damages stemming from the allegations of this Petition, which may be proven at the trial and are available under the law of Louisiana.

**WHEREFORE,** your Petitioner prays that **WINN-DIXIE MONTGOMERY, LLC** be duly cited and served with a copy of this Petition for Damages and that after due proceedings are had, there be a judgment herein in favor of Petitioner and against Defendant for all sums and for all such damages as are reasonable in the premises, together with legal interest hereon from the date of judicial demand until paid, and for all costs of these proceedings, and for all other general and equitable relief as may be afforded.

E-Filed

# G
## Section 11

Respectfully submitted,
**JJC LAW LLC**

*James E. Courtenay*
**JEFFREY P. GREEN (Bar No. 30531)**
**JAMES E. COURTENAY (Bar No. 31681)**
**CAYCE C. PETERSON (Bar No. 32217)**
**GRANT T. WOOD (Bar No. 36302)**
3914 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 513-8820
Facsimile: (504) 513-8824
e-mail: jimmy@jjclaw.com; Grant@jjclaw.com

*AND*

The Law Offices of Peter J. Hamilton, III, LLC
Peter J. Hamilton, III (Bar Roll #31185)
Raashand M. Hamilton (Bar Roll #31160)
3835 Elysian Fields Ave.
New Orleans, LA 70122
(504) 940-1883 Office
(504) 940-1884 Fax
pjhamilton@hlanola.com
rhamilton@hlanola.com
*Counsel for Plaintiffs*

**Please Serve:** (1) Petition for Damages, (2) Interrogatories, and (3) Requests for Production of Documents, and (4) Requests for Admissions as follows:

**Winn Dixie Montgomery, LLC**
Through its Agent for Service of Process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

Page 4 of 4

E-Filed

**FILED**

**G**

**Section 11**

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.                                                                DIVISION: " "

### KIRCHELLE BUTLER

### VERSUS

### WINN-DIXIE MONTGOMERY, LLC

FILED: _____          _____
                                                          **DEPUTY CLERK**

## INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, and REQUESTS FOR ADMISSION OF FACTS

TO:     **Winn Dixie Montgomery, LLC**
        Through its Agent for Service of Process:
        Corporation Service Company
        501 Louisiana Avenue
        Baton Rouge, LA 70802

Pursuant to La. C.C.P. Article 1421, et seq., Petitioner, **KIRCHELLE BUTLER** propounds the following Interrogatories to Defendant, **Winn Dixie Montgomery, LLC.** The interrogatories are to be answered by the Defendants personally, under oath, that is, not by any attorney and/or counsel, and/or agent, and/or representative, but in person, all in accordance with the laws of Louisiana and the Louisiana Code of Civil Procedure, particularly, but not excluding, Articles 1457 and 1458, of said Code, within thirty (30) days after receipt hereof.

**INTERROGATORY NO. 1:**

Please state the full name, address and present addresses of all individuals who participated in the answering of these interrogatories.

**INTERROGATORY NO. 2:**

Give the name, social security number, last known residence address, last known telephone number, and name and address of the last known employer of each and every witness who purports to have knowledge about the accident which is the basis of this suit.

**INTERROGATORY NO. 3:**

Give the name, social security number, last known residence address, last known telephone number, and name and address of the last known employer of each and every person having knowledge or relevant facts who may reasonably be called as a witness for any party, the subject matter on which each such person is or could reasonably be expected to testify, and the

substance of each said person's testimony. This includes, but is not limited to, any surveillance and impeachment witnesses.

## INTERROGATORY NO. 4:

Do you or any representative of yours have any photographs or motion pictures pertaining to any fact or issue set forth in the Petition, including any surveillance of Plaintiff or any other person? If you answer is in the affirmative, please state the number of photographs and/or motion pictures, a general description of their contents, the name and address of the photographer, the date the photographs and/or motion pictures were taken, and the name and address of the present custodian of the photographs and/or motion pictures.

## INTERROGATORY NO. 5:

Have you or anyone representing you or acting on your behalf taken any statements, whether recorded, typed, written, or oral, from any person having knowledge of facts involved in this suit? If so, list the names and addresses of all persons interviewed and also state by whom they were interviewed and whether the statement was recorded, typed, written or oral. If you have a written or recorded statement of Plaintiff, please attach a copy of same to your answer to these interrogatories. If you have any statements of any other witnesses, please advise whether you will voluntarily furnish the same, if so, please attach copies of any and all such statements to your answers to the interrogatories.

## INTERROGATORY NO. 6:

Please state whether you or anyone else, whether or not acting on your behalf, has conducted an investigation or experiments in connection with the accident which forms the basis of this suit. If so, state the name and address of each person who participated in the investigation or experiment, whether the results of such investigation or experiment were reported orally or in written form, to whom the results were reported, and the date or dates of any and all written or oral reports rendered by each such investigator.

## INTERROGATORY NO. 7:

Identify each and every expert witness with whom you have consulted, or with whom you may consult in the future concerning any aspect of this litigation. Include in your answer to this interrogatory the full name and business address of each such expert, the date when each such expert was first consulted by you or someone on your behalf, the field or fields of expertise

# G
## Section 11

of each such expert and a description of each relevant opinion reached by each such expert. Also state whether each such expert rendered any type of report and, if so, either attach a copy of the report or describe each fact relied on by the expert as contained in the report, and describe each opinion expressed in each such report. If your answer to this interrogatory indicates that this inquiry is premature, then please list each and every witness whom you currently intend to call at the trial of this matter.

### INTERROGATORY NO. 8:

Was there in effect, at the time of the accident sued on, a policy of insurance which indemnified **WINN DIXIE MONTGOMERY LLC** against financial losses as a result of liability of the general type alleged herein and, if so, with respect to each such policy of insurance, both primary and excess insurance, please state:

(a) The name and address of the insurance company;

(b) The policy number and effective dates thereof;

(c) Please state the limits of liability and amounts of uninsured motorist coverage.

(d) The nature of the coverage and the limits of liability, including coverage for one person, and coverage for more than one person;

(e) Whether you will voluntarily furnish a certified copy of the policy or policies referred to in answers to this interrogatory, and, if so, please attach same to your answers to these interrogatories; and, if not, please state specifically your reasons for not doing so.

### INTERROGATORY NO. 9:

If any graphical representations (including but not limited to sketches, photos, videos, maps or diagrams) have been made by any person, which may be relevant to either the accident sued upon or any claim or defense made in this lawsuit, please state who prepared them, the date they were prepared, who presently has custody of each such item, and a brief description of what each depicts.

### INTERROGATORY NO. 10:

Please state the full name, phone number, address and present residence addresses of all your employees that were working at the subject premises 24 hours before and 24 hours after the subject accident took place with corresponding time of their employment.



Section 11

## INTERROGATORY NO. 11:

List and identify each and every exhibit that you may seek to introduce at the trial of this matter. If your answer to this interrogatory indicates that this inquiry is premature, then please list each and every exhibit that you may currently intend to introduce at the trial of this matter.

## INTERROGATORY NO. 12:

State whether you have in your possession any documentation that would indicate that any injuries to Plaintiff(s), for which damages are sought in this matter, were caused prior to the accident of **June 7, 2021**. If so, please identify each and every document and provide a copy of each and every document.

## INTERROGATORY NO. 13:

If you contend that Plaintiff was negligent, or that any other person was negligent in causing this accident, please state with particularity how such person was negligent.

## INTERROGATORY NO. 14:

Please identify how long the freezer / refrigerator that caused or contributed to the incident in question was leaking prior to the incident.

## INTERROGATORY NO. 15:

Please provide maintenance records for any freezer / refrigerator on the subject premises 6 months before the subject incident and 3 months after the subject incident.

## INTERROGATORY NO. 16:

Please list each and every document or other tangible object which you may or will introduce as an exhibit at time of trial hereof, noting in your answer what each such document or other tangible object represents or purports to represent.

## INTERROGATORY NO. 17:

Please identify what you believe caused the subject incident to occur.

## INTERROGATORY NO. 18:

Please identify any and all claims for personal injury that you are aware Plaintiff has made in the past ten years. Include in your response the party against whom the claim was made, the date of the claim, and the type of accident involved in the claim.

E-Filed

**G**

Section 11

**INTERROGATORY NO. 19:**

Identify any camera/video in the area of the subject incident, whether the camera/video recorded the subject incident, and how much of the recording you maintain in your possession.

**INTERROGATORY NO. 20:**

Please identify any and all prior slips and/or trips by any other person, employee or invitee to your premises, that occurred in the two years prior to the subject incident.

**INTERROGATORY NO. 21:**

If you contend that any other party is responsible for the condition that allegedly caused the Plaintiff to fall, please identify that person and/or entity.

**INTERROGATORY NO. 22:**

Was there any "safety meetings," "managers' meetings" or other meetings before and/or after the subject incident wherein the condition that allegedly caused the plaintiff to fall was discussed.

**INTERROGATORY NO. 23:**

Was an incident report created by anyone after the subject incident?

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all reports pertaining to the incident sued on herein whether created by you, an employee, and/or some third party.

**REQUEST FOR PRODUCTION NO. 2:**

Certified copy of each and every policy of insurance, certificate of insurance, or other insurance documentation, including medical payments coverage and uninsured or underinsured coverage, setting forth each type of insurance which affords coverage for liability of the nature asserted herein by Plaintiff against defendants, including all primary coverage.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all excess or umbrella coverage issued to **WINN DIXIE MONTGOMERY LLC.**

**REQUEST FOR PRODUCTION NO. 4:**

Any and all statements of the Plaintiffs or any other party to these proceedings currently in your possession or control, including but not limited to any taken by the above named defendant

FILED

2022 MAR 25  P 05:50
CIVIL
DISTRICT COURT

in connection with this incident. If you are in possession of a statement and claim a privilege, you are required to note the name of the person who gave the statement and the date the statement was taken by notation in a privilege log.

**REQUEST FOR PRODUCTION NO. 5:**

Provide a copy of any video and/or camera footage of any kind for the one hour before and one hour after the subject incident.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all exhibits which defendant intends to introduce at the trial.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all reports rendered by any person regarding the incident referred to in the Petition.

**REQUEST FOR PRODUCTION NO. 8:**

Provide a map/sketch/architectural drawing of the subject location with notations of all video/security cameras on the premises.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all photographs, slides, motion pictures, etc., including any possible surveillance, photographs or motion pictures of the scene of accident and/or surrounding area taken at any time, which may be relevant to any issue in these proceedings.

**REQUEST FOR PRODUCTION NO. 10:**

Produce any receipts and/or logs of purchases made by the Plaintiff on your premises prior to the subject incident.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all reports rendered by any person who may sought to be used as an expert witness by you or any other party in this litigation.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents referred to in the response to the interrogatories propounded to the defendants in these proceedings, delineating to which interrogatory each document is responsive.



# G

## Section 11

**REQUEST FOR PRODUCTION NO. 13:**

Any and all other documents and/or demonstrative evidence which you might seek to use as an exhibit at trial herein. This request includes but is not limited to, any and all photographs.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all tapes and/or electronic recordings of any oral communication whatsoever concerning any matter at issue in the Petition.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents supporting any defense asserted in your answer to the Petition.

**REQUEST FOR PRODUCTION NO. 16:**

Produce any policies and/or procedures for the regular inspection and/or maintenance of the area where this incident occurred and the entire store in question.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all estimates, receipts, work orders, work descriptions, maintenance, requisite forms, of any nature, pertaining to the area in question within 6 months before the subject incident and 3 months after the subject incident.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents received by you in response to subpoena duces tecum, records deposition, health authorization, or request of any kind (including but not limited to requests for medical or financial records obtained after receiving a release from Plaintiff for access to such records); bear in mind that your discovery obligation is continuing and you are requested to continuously update with such documents as are responsive.

**REQUEST FOR PRODUCTION NO. 19:**

Copies of any and all documents or other tangible objects which you may or will introduce as exhibits at time of trial hereof.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce and provide a complete copy of any contract and/or agreement entered into by YOU or any other entity, relating to the maintenance of property in question.

**REQUEST FOR PRODUCTION NO. 21:**

Please provide a copy of the incident report related to the subject accident.



**G**

**Section 11**

These Requests for Production of Documents are deemed to be continuing in nature and as such require a continuous supplementation of answers thereto, as more information becomes available.

## REQUEST FOR ADMISSION OF FACTS

### REQUEST FOR ADMISSION NO. 1:

Admit that Petitioner was in the subject premises on June 7, 2021.

### REQUEST FOR ADMISSION NO. 2:

Admit that Petitioner fell while on the subject premises on June 7, 2021.

### REQUEST FOR ADMISSION NO. 3:

Admit that one of your employees created an incident report that discussed Petitioner's fall on the subject premises on June 7, 2021.

Respectfully submitted,
**JJC LAW LLC**

*James C. Courtenay*

**JEFFREY P. GREEN (Bar No. 30531)**
**JAMES E. COURTENAY (Bar No. 31681)**
**CAYCE C. PETERSON (Bar No. 32217)**
**GRANT T. WOOD (Bar No. 36302)**
3914 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 513-8820
Facsimile: (504) 513-8824
e-mail: jimmy@jjclaw.com; Grant@jjclaw.com

*AND*

The Law Offices of Peter J. Hamilton, III, LLC
Peter J. Hamilton, III (Bar Roll #31185)
Raashand M. Hamilton (Bar Roll #31160)
3835 Elysian Fields Ave.
New Orleans, LA 70122
(504) 940-1883 Office
(504) 940-1884 Fax
pjhamilton@hlanola.com
rhamilton@hlanola.com
*Counsel for Plaintiffs*
